## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

GINA M. ALONGI, as she is ADMINISTRATOR,
INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 4 HEALTH AND WELFARE,
PENSION, ANNUITY AND SAVINGS FUNDS,
LABOR-MANAGEMENT COOPERATION TRUST; and
HOISTING AND PORTABLE ENGINEERS LOCAL 4
APPRENTICE AND TRAINING FUND,                                  C.A. No.
                              Plaintiffs,


                              vs.


M.E. SMITH, INC.
                              Defendant.

---

## VERIFIED COMPLAINT FOR DELINQUENT
## FRINGE BENEFIT CONTRIBUTIONS

### NATURE OF ACTION

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29

U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay

interest due to the plans under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f)

of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C.

§185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund.  The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants.  The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4.      Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund.  The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5.      Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund.  This Fund provides participant-directed individual accounts including a 401(k).  The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6.      Plaintiff Gina M. Alongi is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund.  This Fund trains apprentices and journey workers on the construction industry.  The Hoisting and Portable Engineers Local 4 Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA,

29 U.S.C. §1002(1).  The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7.     Plaintiff Gina M. Alongi is the Administrator of the Joint Labor-Management Cooperation Trust.  This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9).  The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8.     The Health and Welfare, Pension, Annuity and Savings, and Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."

9.     Defendant M.E. Smith, Inc. ("Smith") is a Massachusetts corporation with a principal place of business of 109 Hastings Road, Spencer, Massachusetts.  Smith is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.  Its registered agent for service is Mark E. Smith, 9 Pope Street, Spencer, Massachusetts 01562.

## GENERAL ALLEGATIONS OF FACT

10.     On or about October 29, 2008, the Defendant agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements.  A copy of the Defendant's signed agreement ("Standard Short Form Agreement") is attached hereto as Exhibit A.

11.     Because of the Short Form Agreement, the Defendant is a party to the current collective bargaining agreement with the International Union of Operating Engineers Local 4,

which is effective from June 1, 2014 through May 31, 2018 ("the CBA").  A copy of the relevant portions of this CBA is attached hereto as Exhibit B.

12.     The CBA requires the Defendant to make contributions to Plaintiff Funds for each payroll hour for each person covered by the CBA and to pay interest on late payments at the rate of one (1%) percent per month.  Interest on late employee elective deferral payments to the Annuity and Savings Fund are assessed in accordance with rules and regulations of the U.S. Department of Labor.

13.     Pursuant to the CBA, employers are also obligated to deduct from wages and remit a negotiated percentage of the gross wage package for union dues.  If employees so elect, the employer is also obligated to deduct money from wages and pay to the Social Action Committee ("SAC").

14.     The Defendant has failed to make payment of contributions due for the work months of September, October, and November 2016.  The amount owed for those months remains unliquidated because the Defendant has also failed to submit remittance reports for those months, on which it is charged with delineating the hours worked by covered employees.

15.     The Defendant also owes $1,355.10 in interest on prior late-paid contributions, and will owe additional interest once it remits the currently delinquent contributions.

16.      To date, the Defendant has failed to pay the outstanding amounts due.

17.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT I - VIOLATION OF ERISA -
## DELINQUENT CONTRIBUTIONS

18.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-17 supra.

19.     The failure of the Defendant to make contributions on behalf of all covered employees and to pay interest as required by the terms of the trust agreements and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

20.     Absent an order from this Court, the Defendant will continue to refuse to pay the monies it owes to the Funds, and the Funds and their participants will be irreparably damaged.

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

21.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-20 supra.

22.     The failure of the Defendant to make contributions on behalf of all covered employees and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

## COUNT III – VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

23.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-22 supra.

24.     The failure of the Defendant to remit the dues and SAC contributions it deducted from its employees' wages and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a.     Order the attachment of the machinery, inventory, and accounts receivable of the Defendant;

b.     Order the attachment of real estate standing in the name of the Defendant;

c.     Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to make contributions or pay interest to Plaintiff Funds;

d.     Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to remit dues and SAC contributions;

e.     Enter judgment in favor of the Plaintiff Funds in the amount of $1,355.10, as well as an as-yet unliquidated amount owed for the work months of September, October, and November 2016, together with the accrual of interest on the unpaid contributions at the rate of 1% per month per the collective bargaining agreement, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2), along with any further amounts that may come due during the pendency of this action; and

f.     Such further and other relief as this Court deems appropriate.

Respectfully submitted,

GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, *et al.*,

By their attorney,

/s/Gregory A. Geiman_____
Gregory A. Geiman, Esq.
BBO #655207
I.U.O.E. Local 4 Trust Funds
16 Trotter Drive
Medway, MA  02053
(508) 533-1400 x140

ggeiman@local4funds.org

Dated:  December 19, 2016

## <u>VERIFICATION</u>

I, Gina M. Alongi, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 19th DAY OF

DECEMBER, 2016.

/s/Gina M. Alongi_____
Gina M. Alongi